JUSTICE STEPHENSON,
with whom JUSTICE WHITING joins, dissenting.
I would hold that ARS’s bid was “received” timely. According to the stipulated facts, “[a]t 1:50 p.m. a representative from ARS was present in the room where the bid opening was to be conducted and had with him the sealed bid of ARS.” However, “the County employee in charge of the bid opening process . . . was not in the designated room at the time the ARS representative arrived, and did not arrive in the designated room until either 2:02 p.m. or 2:03 p.m.” Between 1:50 p.m. and the time the County employee arrived in the room, “the representative of ARS and the bid of ARS were continually present together in the designated bid-opening room.” When the County employee entered the designated bid-opening room, “the bid of ARS was either lying upon the table to be utilized by [the County employee] . . . or . . . the ARS representative handed its bid to [the County employee].”
Thus, ARS had its sealed bid in the designated bid-opening room ten minutes before the deadline. I think that ARS’s bid should not have been voided due to circumstances that were beyond its control, i.e., the tardiness of the County’s employee.